FILED

2023 Jun-27  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANTONTIO JOSE ZAVALA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **PUBLIX SUPER MARKETS,** | ) | |
| **INC.** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action alleging disability discrimination and retaliation in violation of Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. 12101 et. seq., 42 USC § 1981a, and 42 USC § 1988 brought by Antonio Jose Zavala ("Plaintiff"). Plaintiff, a qualified individual with a disability, alleges that Defendant discriminated against him based on his disability, his record of disability, and because Defendant regarded Plaintiff as disabled, in violation of the ADA.  Plaintiff seeks injunctive relief, equitable relief, reinstatement, lost wages and benefits, compensatory damages, and reasonable attorney fees and costs.

### II.    JURISDICTION

2.    This Court has jurisdiction in accordance with 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

1

3.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA. Plaintiff timely filed his charge on October 19, 2022, within 180 days of the occurrence of the last discriminatory act and the Equal Employment Opportunity Commission investigated. The EEOC issued a Right to Sue Notice on April 24, 2023.

## III.    PARTIES

4.      Plaintiff, Antonio Zavala, is an individual over the age of 19 years and is a resident of Jefferson County, Alabama. Plaintiff is an individual with a disability, he has a record of disability, and he is regarded by Defendant as disabled. With or without reasonable accommodation, Plaintiff could perform the essential functions of the position he held with Defendant. Consequently, Plaintiff is a qualified individual with a disability as defined under the ADA.

5.      Defendant Publix Supermarkets, Inc. (hereinafter "Defendant") is an "employer" as defined under the ADA and is subject to 42 U.S.C. 12111(5). Plaintiff worked at Defendant's stores in Alabaster and Hoover, Alabama.

## IV.    FACTUAL ALLEGATIONS

6.      Plaintiff has a disability as defined under the Americans with Disabilities Act (ADA) in that has had a medical condition commonly referred to as CHARGE Syndrome.

7.     CHARGE Syndrome is a recognizable genetic syndrome with a known pattern of features. It is an extremely complex syndrome, involving extensive medical and physical limitations that differ from child to child. CHARGE syndrome is correlated with genetic mutation to CHD7 and its prevalence is 1:10,000-1:15,000 live births.

8.     CHARGE syndrome is an acronym for coloboma, heart disease, atresia of the choanae, retarded growth and mental development, genital anomalies, and ear malformations and hearing loss.

9.     As a result of Plaintiff's disability, he is unable to read or speak, and communicates mostly with simple head nods while relying on his father for complex communications.

10.     Plaintiff began working for Respondent on May 19, 2018, as a part-time Front Service Clerk at Store 1073, located in Alabaster, Alabama.

11.     Plaintiff's duties consisted of bagging groceries and gathering shopping carts.

12.     On or around June 5, 2021, Plaintiff transferred to Store 1207 in Hoover, Alabama.

13.     In March 2022, with the help of his father to communicate for him, Plaintiff received permission to take a leave of absence to visit family in Mexico. Management at the store, including Store Manager Chris Rodriguez and Assistant

Customer Service Manager Gabrielle Bedsworth, granted Plaintiff permission to leave and go on his trip.

14. Plaintiff's final shift was on May 20, 2022.

15. When Plaintiff tried to return to work in June 2022, management refused to allow Plaintiff to return to his position, stating that Plaintiff had resigned from his position.

16. Plaintiff had not resigned, and, through his father, asked why Defendant claimed he had resigned.

17. Defendant told Plaintiff, through his father, that Plaintiff had signed a paper stating he had resigned. When Plaintiff's father asked for a copy of the paper Defendant said Plaintiff had signed, Defendant refused to provide it.

18. Plaintiff's father reminded Defendant that Plaintiff could not read and reminded Defendant that they knew he, Plaintiff's father, needed to be present if they were going to have Plaintiff sign an important document.

19. Despite Plaintiff repeatedly trying to return to work, Defendant steadfastly refused to reemploy him.

20. On October 20, 2022, Plaintiff filed an EEOC Charge alleging that his employment had been terminated because of his disability in violation of the ADA.

21. In response to Plaintiff's EEOC Charge, Defendant submitted a document purporting to prove that Plaintiff had resigned his position. However, the manner in

which Plaintiff wrote only his first name, similar to the way a child would write their name at a very young age, shows his lack of understanding of the document on which his first name appears.

22.    Only after Defendant's Manager of Employment Law and Investigation received Plaintiff's EEOC Charge and realized the "resignation" that the local managers had relied on to assert that Plaintiff had resigned would not pass scrutiny did Defendant allow Plaintiff to return to work.

23.    However, when Plaintiff returned to work, Defendant's local managers promptly retaliated against Plaintiff by severely reducing his hours.

24.    Defendant intentionally discriminated against Plaintiff based on his disability by terminating him and failing to reasonably accommodate him, including but not limited to failing to allow Plaintiff's father to be present when they had him sign a form purporting to be his resignation.

25.    Defendant also retaliated against Plaintiff by reducing his hours of work after he filed an EEOC Charge.

26.    In denying Plaintiff reasonable accommodations and terminating him because of his disability and then retaliating against him by reducing his hours, Defendant intentionally, willfully, and maliciously discriminated and retaliated against Plaintiff based on his disability and in retaliation for his complaints of discrimination, in complete disregard for his federally protected rights.

27.    As a result of Defendant's actions and inactions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## V.    CAUSES OF ACTION

### A.    COUNT I - Termination in Violation of the ADA

28.    Plaintiff is a person with a disability, as that term is defined by the Americans with Disabilities Act. Plaintiff also has a record and history of a disability; and Defendant regarded Plaintiff as disabled.  See 42 U.S.C. 12102.

29.    Defendant is a covered entity and an employer in accordance with 42 U.S.C. 12111(5).

30.    Plaintiff is a qualified individual as defined under the ADA.  With or without reasonable accommodation, he can perform the essential functions of the job. See 42 U.S.C. 12111.

31.    Under the ADA, Defendant is prohibited from discriminating against Plaintiff, a qualified individual, on the basis of disability.  42 U.S.C. 12112(a).

32.    The ADA's protections against discrimination also prohibit utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.  42 U.S.C. 12112(b)(3)(A).

33.    Defendant violated the ADA by terminating Plaintiff because of his disability, because of his record of disability, or because Defendant regarded him as disabled. 42 U.S.C. 12112(a).

34.    Defendant has no legitimate, non-discriminatory reason for its conduct.

35.    As a proximate result, Plaintiff has suffered extreme harm including, pain, humiliation, mental anguish and suffering.

### B.    COUNT II - Retaliation in Violation of the ADA

36.    Plaintiff brings this Count pursuant to the ADA.

37.    Plaintiff engaged in protected activity when he filed an EEOC Charge against Defendant on October 20, 2022.

38.    After and because of Plaintiff's engagement in protected activity, Defendant retaliated against him by reducing his hours.

39.    Defendant failed to guard against the misconduct of its employees, failed to train their managers and employees, failed to monitor their performance and conduct and failed to take adequate remedial action.

40.    Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

41.    The retaliatory reduction of hours would have dissuaded a reasonable worker from filing a charge of discrimination.

42.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief and compensatory damages is his only means of securing adequate relief.

43.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### C.    COUNT III - Americans with Disabilities Act Failure to Accommodate

44.    Plaintiff is a person with a disability, as that term is defined by the Americans with Disabilities Act. Plaintiff also has a record and history of a disability; and Defendant regarded Plaintiff as disabled.  See 42 U.S.C. 12102.

45.    Defendant is a covered entity and an employer in accordance with 42 U.S.C. 12111(5).

46.    Plaintiff is a qualified individual as defined under the ADA. With or without reasonable accommodation, he is able to perform the essential functions of the job. See 42 U.S.C. 12111.

47.    Under the ADA, Defendant is prohibited from discriminating against Plaintiff, a qualified individual, on the basis of disability.  42 U.S.C. 12112(a).

48.    The ADA's protections against discrimination also prohibit utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.  42 U.S.C. 12112(b)(3)(A).

49.     Defendant violated the ADA by failing to provide Plaintiff with reasonable accommodations.  42 U.S.C. 12112(b)(5)(A); 29 U.S.C. 794.

50.     Defendant refused to engage in the interactive process in response to Plaintiff's requests for accommodations. Such accommodations would not have imposed an undue hardship on the operation of the Defendant's business.

51.     Defendant has no legitimate, non-discriminatory reason for its conduct.

52.     As a proximate result, Plaintiff has suffered extreme harm including, pain, humiliation, mental anguish, and suffering.

## VI.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment practices, policies, procedures, conditions, and customs that led to the discrimination by Defendant violate Plaintiff's rights as secured by the Americans with Disabilities Act, 42 U.S.C. 12101.

2.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the ADA.

3.     Enter an Order requiring the Defendant to make Plaintiff whole by awarding Plaintiff lost wages, backpay, interest, compensatory, punitive, and nominal damages.

4.     Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses incurred by this litigation.

5.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief is his only means of securing adequate relief.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb (asb-5401-f58j)
L. William Smith (asb-8660-a61s)
Christina M. Malmat (asb-1214-y44q)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500